Dear Mr. Duhon:
Your request for an opinion concerning the implications of a court's decision to expunge a criminal record has been forwarded to me for research and reply. Specifically, you have asked the following question:
 What should be done with criminal records that a court has ordered to be expunged?
The answers to this question can be found in La. R.S. 44:9. Part (A) of this statute deals with the records of persons arrested for the violation of municipal or parish ordinances or for violation of a state statute which is classified as a misdemeanor. When a court under this section determines the mover is entitled to have his record expunged, any office or agency having any record of the arrest in any form must destroy these records, not just expunge them. These agencies or offices are only to keep an affidavit attesting that these records have been destroyed, and this affidavit is to be used only for the agency's or office's internal filing. Therefore, this affidavit is not a public document. However, this article does not apply to arrests for first or second violations of any driving while intoxicated statute or ordinance related to R.S. 14:98.
As to felonies, Part (B) (C) of La. R.S. 44:9 control, subject to Part (E). Part (B), which had been repealed, has now been revised, reenacted, and made retroactive by our legislature. This section deals with any person who has been arrested for the violation of a felony offense or a violation of R.S. 14:34.2, 14:34.3, or 14:37. If the court determines, after a contradictory hearing, that expungement should be forthcoming, the record must be expunged, but there is no mention of the destruction of the record as Part (A) provides. Furthermore, this section goes on to say that the provisions of this paragraph should not limit or impede authority under law to consider prior arrests or convictions in future prosecution under multiple offender provisions or impede the investigation of any law enforcement officer seeking to ascertain or confirm the qualification of any privilege or license authorized by law. Therefore, when expungement is ordered, the office or agency should keep the record, or the part of the record which satisfies these explicit purposes, but these records should not be made available or open to the public, subject to Part (E) which shall be discussed in a forthcoming paragraph.
Similar to Part (B) is Part (C) of La. R.S. 44:9, which is applicable to any person arrested for the violation of a state statute which is classified as a felony. As in Part (B), if the court determines the mover is entitled to have his record expunged, the office or agency shall expunge the records, but the office or agency may preserve the name and address of the person and the facts of the case for investigative purposes. Therefore, although these parts of the record are not open to the public, they are retained because of their importance in possible later investigations or prosecutions. Once again, this is subject to Part (E) of this section.
Part (E) of LA. R.S. 44:9 provides for destruction of records of arrest and prosecution. Section (1) of Part (E) provides that a court shall not order the destruction of any record of a felony conviction or a conviction dismissed until after a contradictory hearing attended by the district attorney and the arresting law enforcement agency. Therefore, the court may order the felony records destroyed and expunged, but it can do so only after a contradictory hearing. When the court orders a record destroyed, the agency or office should comply, presumably as provided in Part (A) of this statute. Section (2) of Part (E) applies to sex offenses. It says that no court shall order the expungement or destruction of any record of the arrest and prosecution in such cases except after contradictory hearing.
In conclusion, expungement does not automatically equal destruction, and depending on the violation in question, some records may or may not be destroyed, and must be retained by the office or agency when the court orders a record expunged and/or destroyed. Close attention must be paid to what the court actually orders and to what crime or violation the order applies. Please review Louisiana Revised Statute 44:9 when examining this opinion.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT L. ODINET ASSISTANT ATTORNEY GENERAL
RECEIVED: 6-25-96
RELEASED:
ROBERT L. ODINET ASSISTANT ATTORNEY GENERAL